IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00261-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONNELL LAMONT CANNADY,

    Defendant.

ORDER

This matter comes before the court on Defendant's *Pro Se* Motion for Subpoenas. DE 95.

Defendant "request[s] that the Clerk 's Office issue three (3) copies of Form AO-88B (Subpoena

to Produce Documents, Information,[] or Objects) to [him]."[1] DE 95. For the following reasons,

that request is DENIED.

Rule 17 of the Federal Rules of Criminal Procedure governs the issuance of subpoenas.

*See* Fed. R. Crim. P. 17. A subpoena may order a witness to produce books, papers, documents,

data or other objects the subpoena designates before they are to be offered in evidence. Fed. R.

Crim. P. 17(c)(1). But "Rule 17(c) was not intended to provide an additional means of discovery."

*Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). Thus,

> in order to require production prior to trial, the moving party must show: (1) that
> the documents are evidentiary and relevant; (2) that they are not otherwise
> procurable reasonably in advance of trial by exercise of due diligence; (3) that the
> party cannot properly prepare for trial without such production and inspection in
> advance of trial and that the failure to obtain such inspection may tend unreasonably
> to delay the trial; and (4) that the application is made in good faith and is not
> intended as a general 'fishing expedition.'

---

[1] Additionally, Form AO-88B is a civil subpoena. Form AO-89B is the applicable criminal
subpoena, which the court will construe Defendant's request as seeking.

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). Here, Defendant has made no such showing. Defendant has simply requested three signed, blank subpoenas.

Moreover, Defendant appears to be seeking to wield Rule 17(c) as a substitute for discovery. The court has already reminded the United States of its obligation to "disclose all evidence required by Rule 16 of the Federal Rules of Criminal Procedure and make all disclosures required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny." DE 89 at 1; *see also* 1/13 Text Order. Defendant has filed three motions for additional discovery, on which the court has not yet ruled, seeking the production of certain documents. The court recognizes that defendant believes he is entitled to additional documents, and the court will rule on his motions in a timely fashion. *See* DE 92, DE 93, & DE 94. But the court will not permit Defendant to preempt its ruling with pre-trial subpoenas of documents that may not be required in discovery. *Cf. Bowman*, 341 U.S. at 220 ("It was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms.").

SO ORDERED this ___11th___ day of March, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2