IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00261-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONNELL LAMONT CANNADY,

    Defendant.

ORDER

This matter comes before the court on several filings from both parties: Defendant's Discovery Motions, DE 92, 93, 94, 98, & 99, and the United States' Motion for an Extension of Time to File Response, DE 97. Consistent with the below reasoning, those motions are DENIED WITHOUT PREJUDICE.

Some context is needed. On February 17, 2026, the court granted Defendant's request to proceed *pro se*—a request the court recognized as largely motivated by Defendant's desire to handle pretrial discovery and motions himself. DE 89. Consistent with that desire, the court continued Defendant's arraignment to allow for the previously set pretrial motions timeline. DE 89 at 2.

Following that order, the court received five (5) motions for additional discovery from defendant. DE 92, 93, 94, 98, & 99. Across those five motions, Defendant alleges that various disparate documents must be and have not yet been produced in discovery. *See generally* DE 92, 93, 94, 98, & 99. In his most recent motion, Defendant also seeks to extend the filing deadline for his forthcoming motion to suppress, explaining that he may need the additional materials to write his motion. DE 98 at 5. Meanwhile, the United States has filed a motion seeking an extension of

its deadline to respond to Defendant's Motions. DE 97. In its motion, the United States details its ongoing efforts to provide defendant with discovery and explains the difficulties posed by providing Defendant with certain materials given his incarcerated status. DE 97 at 3–6.

In other words, the discovery process has ground to a halt, and the previously ordered motions timeline will no longer provide Defendant with sufficient time to make his case. Taking all of that into account, the previously set deadlines are hereby CONTINUED. This case will now follow the below, amended pretrial motions timeline.

(1)     On or before March 30, 2026, the United States shall disclose all evidence required by Rule 16 of the Federal Rules of Criminal Procedure and make all disclosures required by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

(2)     On or before April 6, 2026, Defendant may file *one* (1) motion for additional discovery.

(3)     On or before April 20, 2026, the United States shall file any response to Defendant's anticipated motion for additional discovery.

(4)     On or before May 11, 2026, Defendant may file *one* (1) motion to suppress.

(5)     On or before May 25, 2026, the United States may file any response to Defendant's anticipated motion to suppress.

In light of the United States' report that it "is in the process of obtaining additional materials in this case to produce to [Defendant]," DE 97 at 5, and the above amended briefing schedule, Defendant's Motions for Additional Discovery are DENIED WITHOUT PREJUDICE. DE 92, 93, 94, 98, & 99. Defendant cannot feasibly move for additional discovery until he has received all materials which the United States intends to produce. DE 97 at 5. As such, the motions may

be moot, and Defendant may re-file *one* **(1)** discovery motion once he has received discovery, consistent with the below amended motions timeline.

Additionally, Defendant's Motions do not comply with the court's previous order. The court previously allowed Defendant to "file *one* (1) motion for additional discovery on or before March 9, 2026." DE 89 at 2 (emphasis in original). Defendant has instead filed five motions, two of which were filed on March 12. While this court affords *pro se* litigants a wide latitude, it still expects them to comply with the clear directions of its orders. Thus far, Defendant has demonstrated a pattern of filing series of motions making similar arguments and seeking similar relief, but with slight differences. *See, e.g., Faretta* Motions, DE 75, 76, 77, & 78; Motions to Suppress, DE 80, 81, 82, 83, 84, 85, & 86; Motions for Additional Discovery, DE 92, 93, 94, 98, 99. Moving forward, the court expects Defendant to file *one* (1) motion for additional discovery and *one* (1) motion to suppress. Of course, Defendant, like all litigants before the court, may file whichever motions he deems appropriate. But complying with that expectation is to Defendant's benefit. By only filing one motion, Defendant allows the court to clearly consider his arguments and the requested relief, rather than risking inconsistent arguments or disparate requests for relief across multiple motions. In other words, Defendant helps ensure he is heard.

The court has further determined that the ends of justice served by granting Defendant's request outweigh the best interests of the public and Defendant in a speedy trial. Any delay occasioned by this continuance shall therefore be excluded in computing Defendant's speedy-trial time. *See* 18 U.S.C. § 3161(h)(7)(A).

SO ORDERED this ___16th___ day of March, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

3