IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00261-M

UNITED STATES OF AMERICA,

     Plaintiff,

v.

DONNELL LAMONT CANNADY,

     Defendant.

ORDER

Pending before the court are two filings in this matter: *pro se* Defendant's Notice of Material Misrepresentation and Renewed Motion to Disclose and Suppress, DE 113, and the Government's Motion for Extension of Time to Respond to Defendant's (prior) Motion to Suppress, DE 112. As explained below, Defendant's filing is DENIED IN PART, DENIED WITHOUT PREJUDICE IN PART, and CONSTRUED IN PART. The United States' Motion is GRANTED.

Defendant's filing does three things. First, it seeks reconsideration and vacatur of the court's prior order, DE 111, which denied Defendant's requests for an order that would direct six individuals to prepare affidavits answering Defendant's questions, compel the Government to produce additional discovery, and hold various Assistant United States Attorneys in criminal contempt or otherwise sanction them. *See, e.g.,* DE 105, DE 110. That request is DENIED.

Second, Defendant alleges that the Government committed a *Brady* violation either through the recent disclosure of an anonymous Crimestoppers tip or its characterization of that tip as "previously disclosed." *See* DE 113 at 3. "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to

guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). So-called *Brady* evidence must be disclosed, typically, "either because it is exculpatory, or because it is impeaching." *Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014). Defendant has not explained why the anonymous tip–which presumably accuses him of committing a crime–is exculpatory, impeaching, or otherwise material to his defense. *See id.* And unlike in the quintessential *Brady* case, the Government has disclosed this evidence well in advance of trial; Defendant has not yet been arraigned. Thus, even if this were a *Brady* violation, the appropriate remedy would be to proceed to Defendant's trial, at an appropriate date and with the evidence now in Defendant's hands—in other words: the current course of this litigation. Defendant's alternative theory, that the government's characterization of this evidence constitutes a *Brady* violation, is simply wrong. *Brady* says nothing about the Government's characterization of evidence. *See Brady*, 373 U.S. at 87. Accordingly, Defendant's request for an order finding a *Brady* violation is DENIED WITHOUT PREJUDICE.

Third, Defendant realleges many of the arguments from his Motion to Suppress. *Compare* DE 113 *with* DE 106. The court CONSTRUES those portions of Defendant's filing as supplementing or otherwise amending his Motion to Suppress.

Finally, the United States seek an extension of time to respond to Defendant's Motion to Suppress (now supplemented by Defendant's recent filing). DE 112. For good cause shown, that Motion is GRANTED. DE 112. On or before June 1, 2026, the United States shall make any response it deems appropriate to Defendant's Motion to Suppress.

SO ORDERED this __22d__ day of May, 2026.

Richard E Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2