IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Case No. 5:24-CR-00261-M

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONNELL LAMONT CANNADY,

    Defendant.

ORDER

Pending before the court is *pro se* Defendant's recent filing: an "Emergency Omnibus Motion: To Unseal Records, Object To Overbroad Sealing, Continue Suppression Hearing Scheduled On June 16, 2026, Compel Discovery, And Compel Identity Of Informant Due To Newly Discovered Evidence Produced On June 1, 2026." DE 123.

Defendant alleges that the government has recently produced additional discovery and requests additional time to review that new evidence. Additionally, it appears that Defendant has not received mail service of the United States' sealed response to his motion to suppress and, as such, has been unable to review it yet. In light of those difficulties, which are exacerbated by Defendant's *pro se* status, the portions of Defendant's filing seeking to continue the suppression hearing are GRANTED. The suppression hearing is CONTINUED to July 20, 2026, at 2:00 p.m. There will be no further continuance.

The remaining portions of Defendant's omnibus filing, a "Motion to Unseal and Object to Overbroad Sealing," DE 123 at 3, a "Motion to Compel Identity of Informant & Surveillance Records," DE 123 at 4, and a request that the court "impose sanctions for discovery abuse," DE 123 at 5, are DENIED.

Additionally, Defendant's filing indicates concerns over his "Sixth Amendment right to prepare a defense." DE 123 at 3. Defendant explains that "[e]ven though the [c]ourt granted Defendant with stand-by counsel, . . . stand-by counsel has communicated to Defendant that he is unable to offer any assistance and has not offered any assistance to date." DE 123 at 3. But that is precisely the role of stand-by counsel. And the court explained so at Defendant's *Faretta* hearing, "I don't permit hybrid representation; stand-by counsel stands by, and they can advise you how to perform certain procedural tasks, but they are not a joint lawyer, and they are not supposed to try the case or advise you on the trial of the case." Trans. at 57. After having heard that advice and affirming his own understanding of standby counsel's limited role, Defendant knowingly and voluntarily waived his Sixth Amendment right to counsel. If Defendant wishes to rescind his waiver and reassert his right to counsel, the court will consider such a request in an appropriate motion.

SO ORDERED this _____ day of June, 2026.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2